### BROWN & Co. *v.* UNITED STATES (No. 2255).[1]

1. EVIDENCE, APPRAISER'S REPORT.

    The report of the appraiser, if made seasonably, is to be considered as evidence.

2. EVIDENCE, ADMISSIBILITY.

    The affidavit of the examiner, filed with an application to the board for rehearing, as to his intentions in making certain interlineations on the consular invoice in his report to the appraiser is extra-official and as such not entitled to be considered as evidence tending to impeach, modify, or explain the official acts of the appraiser.

3. EVIDENCE, PRESUMPTION FAVORS OFFICIAL ACTION—NUMBER OF BULBS.

    Where the appraiser reported 9,000 bulbs, it was error for the collector to assess upon 46,800 because that number was entered.

4. CONSTRUCTION, PARAGRAPH I, SECTION III, TARIFF ACT OF 1913—SPECIFIC DUTY GOODS.

    The provision of paragraph I, Section III, tariff act of 1913, that duty shall not be assessed upon less than the entered value, can have no application to goods not dutiable according to value.

[Reversed.]

*Allan R. Brown* for appellants.

*William W. Hoppin*, Assistant Attorney General (*Pelham St. George Bissell* and *Abraham Goodman*, special attorneys, of counsel), for the United States.

[Oral argument October 4, 1923, by Mr. Brown and Mr Bissell.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

The importation consists of two lines of narcissus bulbs, both consisting of 30 cases each. The cases were composed of baskets of bulbs, and from the record it is difficult to determine to a certainty the exact number of baskets or the number of bulbs contained in the baskets or cases. The consular invoice is as follows:

201/230 30 c/s narcissus (Ea. 6 Bkets.) 180 Bket. 260–468.00
231/260 30 c/s narcissus (4 Ea.) T1 120 bket. 260–312.00

---

[1] T. D. 39895.

At some time after the entry it is evident that the appraiser has noted in red ink, immediately under "180 Bket.," the following, "180 pcs. per case," and under the words and figures, "120 bket.," he has noted in red ink, "120 pcs. per case."

The importer's entry is as follows:

| Marks and numbers. | Merchandise, packages and description. | Value in foreign money. | Entered value in U. S. money. | Rate. | Duty. | |
|---|---|---|---|---|---|---|
| | | | | | Dollars. | Cents. |
| 201/30.......... 231/60.......... | 30 cases.............................. 30 cases narcissus bulbs, 46,800 pcs. | 861. 60 | 425 | $1-M | 46 | 80 |

The question involved in the appeal is the quantity of bulbs. The importer entered the quantity as 46,800. The appraiser, approving the report of the examiner, returned the quantity as 9,000, that is, 180 bulbs per case for 30 cases and 120 bulbs per case for 30 cases.

The collector apparently did not question the count of the appraiser, but assessed duty under paragraph 210 of the tariff act of October 3, 1913, at $1 per thousand upon 46,800 bulbs, as entered. The collector proceeded upon the theory that, under paragraph I of Section III of said act, he was not permitted to assess duty upon a less quantity than entered in so far as it would reduce the entered value and would be contrary to the requirements of the paragraph. The Board of General Appraisers properly held that the collector was in error in this because the bulbs were dutiable at a specific rate and, therefore, the value of the merchandise had nothing to do with the rate of duty.

As is said by the Board of General Appraisers in its decision, the attorneys on both sides of the case spun theories of their own as to the meaning of the red ink notations made presumably by the appraiser. The board then sets out its theory of the meaning, and if we are willing to guess at what was meant, and what the actual quantity was, this court might arrive at an entirely different conclusion than that urged by those who have theorized on the case extensively heretofore. This court will not undertake to harmonize the different theories, nor indulge in speculation as to what was meant by the confusing figures in the invoice, and the additionally confusing interlineations by the appraiser. It is evident from the plain wording of the appraiser's report that there were 9,000 bulbs, upon which a duty should have been levied at $1 per thousand. The report of the appraiser will be presumed to be correct, and there is nothing in the case to indicate that his report was not correct. The collector was not required to take the entry figures, but under the circumstances is bound by the report of the appraiser.

Judging from certain statements in its decision, the board evidently felt the importer was required to produce evidence that there were a less number of bulbs than 46,800. In this the board erred. The importers had a right to rely upon the report of the appraiser as to the quantity of bulbs. There was no evidence questioning its correctness. This court has held that the report of the appraiser, if made seasonably, is to be considered as evidence. Tower Manufacturing & Novelty Co. et al. v. United States (6 Ct. Cust. Appls. 267; T. D. 35478). Also, there was a similar holding in National Hat Pin Co. v. United States (5 Ct. Cust. Appls. 435; T. D. 34971).

The report of the appraiser being proper evidence, and being before the board, and supporting the importer's contention that there were 9,000 bulbs, it is difficult to understand why he was expected to make further proof after the prima facie case had been made.

We attach no importance to the affidavit of the examiner as to his intentions in making the interlineations which was filed with the application for rehearing. This was clearly extra-official and not entitled to be considered as evidence tending to impeach, modify, or explain the official acts of the appraiser. In his official capacity he said there were 9,000 bulbs. The collector did not show that his count was erroneous, and there is nothing in the evidence to disclose that the count was not correct. The collector should have assessed duty at $1 per thousand upon 9,000 bulbs.

The judgment of the Board of General Appraisers is *reversed*.