UNITED STATES v. SOUTHERN PAPER CO., LTD. (No. 2312).[1]

1. CONSTRUCTION, SECTION 641, TARIFF ACT OF 1922.

Under section 641, tariff act of 1922, merchandise entered prior to the passage of the act should in general be governed by the laws then in force in relation to the collection of duties thereon and the rights and remedies of the parties in proceedings incident thereto.

2. ALLOWANCE FOR LOSS—WHAT LAW GOVERNS.

Merchandise was entered and estimated duties paid, and was destroyed by fire prior to the enactment of the tariff act of 1922. The importer should have applied to the Secretary of the Treasury for abatement or refund of duty under R. S. 2984, and the judgment of the Board of United States General Appraisers ordering such relief under section 563, tariff act of 1922, is reversed.

United States Court of Customs Appeals, June 9, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46085.

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Edward J. Neary*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[1] T. D. 40265.

[Oral argument April 9, 1924, by Mr. Hoppin and Mr. Puckhafer.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The sole question here is whether the claim of the importers for a refund of duties because of the accidental destruction of the imported merchandise by fire on September 15, 1922, after it was entered but while yet in customs custody, was governed by section 563 of the tariff act of September 21, 1922, or by section 2984 of the Revised Statutes. Clearly section 2984 remained in force until it was succeeded by section 563; the question is which section controls the present proceedings.

The following is a copy of the relevant parts of the cited sections:

Revised Statutes of the United States—

SEC. 2984. The Secretary of the Treasury is hereby authorized, upon production of satisfactory proof to him of the actual [*industry*] [injury] or destruction, in whole or in part, of any merchandise, by accidental fire, or other casualty, while the same remained in the custody of the officers of the customs in any public or private warehouse under bond, or in the appraisers' stores undergoing appraisal, in pursuance of law or regulations of the Treasury Department, or while in transportation under bond from the port of entry to any other port in the United States, or while in the custody of the officers of the customs and not in bond, or while within the limits of any port of entry, and before the same have been landed under the supervision of the officers of the customs, to abate or refund, as the case may be, out of any moneys in the. Treasury not otherwise appropriated, the amount of impost duties paid or accruing thereupon; and likewise to cancel any warehouse bond or bonds, or enter satisfaction thereon, in whole or in part, as the case may be.

Tariff act of September 21, 1922—

SEC. 563. ALLOWANCE FOR LOSS—ABANDONMENT.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in a bonded warehouse: *Provided,* That upon the production of satisfactory proof to the Board of General Appraisers of actual injury or destruction, in whole or in part, of any merchandise, by accidental fire or other casualty, while in bonded warehouse, or in the appraiser's stores undergoing appraisal, or while in transportation under bond from one port to another, or while in the custody of the officers of the customs, although not in bond; or while within the limits of any port of entry, and before the same has been landed from the importing vessel or vehicle, such board is hereby authorized to order an abatement or refund, as the case may be, and the Secretary of the Treasury is authorized to pay, out of any moneys in the Treasury not otherwise appropriated, the amount of duties paid. Notice in writing shall be filed with the collector of the district in which such actual injury or destruction was sustained or occurred, and the collector shall transmit such notice, together with all papers and documents, to the board for due assignment and determination, and such determination shall be final and conclusive upon all persons interested therein except in cases where an appeal may be filed by either party in the United States Court of Customs Appeals within the time and in the manner provided by law: * * *.

The merchandise consisted of certain wrapping paper which was shipped from Sweden, arriving at the port of New Orleans on September 9, 1922. A consumption entry was made and the estimated duties paid on September 12, 1922, but delivery was delayed by reason of the fact that the Government weighers had not yet completed their work. The weighing was completed on the afternoon of September 14, 1922; but on the next night, the 15th, while the merchandise was yet upon the wharf, a fire broke out which completely destroyed the docks and all of the merchandise in question.

On October 9, 1922, the importers, proceeding under section 563, supra, filed a written notice of the loss with the collector, praying that the damage should be ascertained and estimated. The collector referred this to the appraiser, who reported that the merchandise had been totally destroyed as claimed by the importers. The collector thereupon transmitted the notice, together with the documents in the case, to the board for due assignment and determination. The Government then filed a motion with the board praying for a dismissal of the proceeding, claiming that inasmuch as the importation and destruction of the merchandise had occurred before the passage of the tariff act of September 21, 1922, the board was without jurisdiction in the premises. The board overruled the motion and entered an order and judgment for the importers. From this judgment the Government appealed.

It thus appears that the importers proceeded upon the theory that their claim for a refund should be governed exclusively by the tariff act of September 21, 1922. Accordingly they made no application to the Secretary of the Treasury for relief under section 2984, supra, and the record discloses no action whatever by the Secretary in relation to the matter. It is therefore clear that if the case is governed by the former enactment and not by the latter the board's judgment must be reversed.

In the recent cases of Brown & Co. v. United States (12 Ct. Cust. Appls. 26; T. D. 40026), Scaramelli v. United States (12 id. 134; T. D. 40056), United States v. Neuman & Schwiers Co. (12 id. 207; T. D. 40224), this court in passing upon analogous questions held that under section 641 of the tariff act of September 21, 1922, merchandise which was entered prior to the passage of that act should in general be governed by the laws then in force in relation to the collection of duties thereon and the rights and remedies of the parties in the proceedings incident thereto.

In the present case the merchandise was entered for duty, the estimated duties were paid, and the merchandise was accidentally destroyed as aforesaid, all prior to the enactment of the latter tariff act. Immediately thereupon a right to apply to the Secretary of the Treasury for a refund under the circumstances accrued to the im-

porters under section 2984. Under section 641, supra, it is apparent that Congress did not intend to deprive them of that right or remedy by force of the repeal of section 2984 by the latter act, nor to substitute therefor the proceedings provided in similar cases by the provisions of that act. It was plainly the legislative purpose that the rights and remedies existing at the date of the latter enactment should be preserved to the parties, unless in special instances a different purpose was clearly indicated by Congress. No purpose of that kind appears in this instance.

Consistently with the foregoing decisions we hold that the importers mistook their remedy in this case, and the judgment of the board is accordingly *reversed*.