BEFORE THE THIRD DIVISION; APRIL 3, 1944

**No. 49310.**—Petition 6196–R of J. H. Benon, Inc. (Los Angeles).

Opinion by CLINE, J. It was apparent from a letter from the petitioner, admitted in evidence as exhibit 1, which appeared to be in answer to a letter from the customs broker notifying the petitioner that the appraiser had advanced the value 10 percent, as there was an advance of 10 percent in the value of glassware in Sweden on March 16, 1940, that this notice of the advance did not reach the petitioner until April 30 and that he immediately sent the notice of the advance to the appraiser at New York but failed to send his customs broker in Los Angeles notice. The merchandise was entered 8 days before the petitioner received notice of the advance and was examined on April 27, 3 days previous to the receipt of the notice. Exhibit 1 also contains instructions to amend two other entries made at San Francisco and Portland by making an advance of 10 percent. It appeared that the advance in value in Sweden occurred 2 days after the invoice was certified before the American Consul, but the ship containing the goods did not sail until 4 days after the advance. The court was of the opinion that the principle applicable in this case is the same as applied by the court in *Union Food Products Co.* v. *United States* (13 Ct. Cust. Appls. 343, T. D. 41253). *United States* v. *Stauff* (25 C. C. P. A. 215, T D. 49306) was cited by the importer. It was found, however, in that case there were other circumstances besides the carelessness of the importer. *Fish* v. *United States* (12 Ct. Cust. Appls. 307, T. D. 40315), which was affirmed in *United States* v. *Fish* (268 U. S. 607), was also cited. From the record it was held in the instant case that in

making the entry the petitioner acted without intention to misrepresent the facts, to defraud the revenue of the United States, or to deceive the appraiser as to the value of the goods. The petition was therefore granted.