BEFORE THE THIRD DIVISION, MARCH 7, 1947

**No. 51600.**—Petition 6519–R of American Import Co. (Los Angeles).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489, Tariff Act of 1930. The merchandise consists of earthenware from Japan imported at the port of Los Angeles, Calif.

The petitioner introduced the testimony of the office manager of the customhouse brokerage firm in charge of attending to the entry of this merchandise. She testified that the entries were made under her personal direction and supervision; that prior to entry both the appraiser and the importer were consulted in order to arrive at the correct market value for this merchandise; that she gave all the information that was available to the appraiser; that she knew there was an investigation being conducted as to the value of the merchandise, but that she believed when she made entry that the value at which she entered was correct.

A representative of the importer, Mr. John J. Niebauer, also testified on behalf of the petitioner. He stated that he had supervision and direction over the purchasing and entry of merchandise for the petitioner, and that he supervised the purchase and importation of this particular merchandise; that he kept informed as to market conditions abroad; that during the time the various importations covered by the entries here involved were being made the market was fluctuating, but that is a condition with which they are always in touch, by means of correspondence and cables. Further, he stated that to the best of his ability and knowledge he was convinced that the values at which he directed entry to be made in this case were correct. On cross-examination; Government counsel interrogated this witness as to an item number appearing on one of the invoices here involved, i. e., item 1761, which was invoiced at different prices. The witness stated that this difference in price was due to the difference in time of placing the orders, but that the merchandise was all exported from Japan at the same time, and that it was possible he might have stated to a customs agent that the reason for entering these items at different prices probably was because of an oversight on the part of both the importer and the customs broker who handled the entries.

The Government produced as a witness the customs agent who interviewed the last-named witness. He stated in the course of his testimony that Mr. Nie-

bauer could not explain the reason for entering the item in question at the invoice value when it was obvious that the market had advanced, except on the ground that it was probably an oversight on the part of his company and on the part of the customs broker who handles their account.

The court has examined the invoice in question and finds that these items were on the same invoice. It was conceded by the Government that they were on the same page of the same invoice with the same description and invoice number. In view of these facts and of the concessions, it cannot be said that the petitioner attempted to conceal the dutiable value of this item from the customs officials. On the contrary, the record indicates that the entry at the lower price was due to carelessness or inadvertence.

In the case of *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220, in speaking of satisfactory evidence in this class of cases, the court used the following language:

\* \* \* Such facts may be proved by the circumstances and conditions attending the entry of the merchandise at a value less than that returned upon final appraisement, including direct testimony of the intention of the petitioner. Such direct testimony of intention is of no great probative force, however, unless the circumstances attending the act are of doubtful or double significance.\* \* \*

In the case of *Fish* v. *United States*, 12 Ct. Cust. Appls. 307, T. D. 40315, the court said:

\* \* \* The witnesses with whom the importer must make this showing are before the board and on questions of intent to defraud and deceive, the appearance of the witness, his conduct and manner of giving evidence must necessarily be given great weight by the board in determining the honesty and sincerity of the importer. \* \* \*

The writer of this opinion had the benefit of observing the witnesses and found no reason to doubt the statements of those responsible for making entry in this case when they testified that they acted in good faith.

It is the opinion of the court and we so hold, that the petition should be and the same is hereby granted.