**No. 57111.**—Davies, Turner &· Company *v*. United States, petition 6859–R (Philadelphia).

RAO, Judge: This is a petition filed pursuant to the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed by reason of the undervaluation upon entry of an importation from Canada of 1,140 bars of hot rolled spring steel. The entry was made by petitioner, a customhouse broker and foreign freight forwarder, for the account of William & Harvey Rowland, Inc., of Philadelphia, Pa.

At the trial, petitioner called as its only witness Miss Frances H. Sherman, who stated that she was the export manager of Davies, Turner & Company, by whom she had been employed for 9 years, and that she prepared the entry papers in connection with the instant shipment. When asked to explain how she happened to enter the merchandise at a value less than that returned by the appraiser, she testified:

At the time entry was made I was handling the exports and happened to be extremely busy at the time working nights, Saturdays and even Sundays and our import manager left suddenly and I assisted in making up import entries and in the general rush, confusion and pressure I made up this entry showing value as Canadian funds instead of United States dollars. It was an error.

It further appears that, prior to making entry, the witness forwarded to the appraiser a so-called submission sheet, petitioner's exhibit 1, which she had prepared from the consular invoice, petitioner's exhibit 2. However, she misinterpreted the information she obtained from the consular invoice to the extent that she assumed the figures appearing in columns 9 and 11 thereof, namely, "5.25C" and "5.25c," respectively, referred to Canadian funds, and meant Canadian dollars 5.25 per pound. She did not then notice on the face of the consular invoice the words "Payable in American Funds," or that in answer to the question "Is the currency, entered as item 9, gold, silver, or paper?" which is printed on said invoice, there is typewritten "U. S. Paper Currency converted at par." It was not until the entry was liquidated that she discovered that the figures were intended to indicate, in American currency, $5.25 per 100 pounds.

The submission sheet thus erroneously prepared was forwarded to the appraiser, who noted thereon "No further information" and returned the same to petitioner. The witness thereupon, and without checking the value with the ultimate consignee, or making any· other efforts to ascertain the correct value, despite the fact that this was not a customary purchase for the real importer, made entry of he merchandise. In so doing, she used the total invoice value, which she con-

verted at the rate of $0.943906, thus perpetuating the error which she had originally made. Her explanation of her failure properly to enter the merchandise was stated to be:

In the general rush and pressure that was on us at the time in the office I didn't ask and just made it into Canadian funds, and didn't check it and that is how the error occurred.

Although this was not the first entry Miss Sherman had prepared, she had not worked on many others, as her usual line of duties was concerned with exportations. She assumed the task in this instance because of the heavy work load in the office occasioned by the sudden departure of the import manager. She described her omission to enter the merchandise at its true value as a mere clerical error, and stated that she did not intend to defraud the revenues of the United States or conceal or misrepresent the facts of the case or deceive the appraiser as to the value of the merchandise.

It seems clear that the undervaluation of the instant merchandise was occasioned, not by the importer's failure to make a sufficient inquiry, but because of the rush of business in petitioner's office and the comparative inexperience of the employee who made the entry. Had there been an attempt to verify the value by checking with the ultimate consignee, or through other channels, petitioner would merely have ascertained that the invoice values were correct. This must be so since the merchandise was finally appraised at this same value, although in American and not Canadian currency.

Petitioner's employee was admittedly careless, but under the circumstances of this case—the stress of business, the sudden departure of the import manager, her assumption of a task outside the scope of her regular duties—we cannot characterize her lack of diligence as bad faith. Carelessness in and of itself is not a ground for the denial of a petition for remission. *Fish* v. *United States*, 12 Ct. Cust. Appls. 307, T. D. 40315.

The writer of this opinion, before whom the instant trial was held, had an opportunity to observe the demeanor of petitioner's witness, and was impressed with her sincerity and candor.

We are satisfied from the evidence in this case that the entry of the instant merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, granted.

Judgment will be entered accordingly.