STONE & DOWNER CO. v. UNITED STATES (No. 2629)[1]

REMISSION OF ADDITIONAL DUTY—MEASURE OF PROOF.

To support a petition for remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922, petitioner must show that the entry was made in entire good faith and that full disclosure was made of the facts that were known or could have been known by the exercise of reasonable diligence and care. In order to atone for a previous unsatisfactory delivery, the shipper of the goods at bar sent a superior grade and invoiced it at the price of an inferior grade; but consignee instructed his broker to enter at the invoice price, testifying that, at the time, he overlooked the fact that the goods were of the superior grade. Proof of such indifference in stating value, to be acted on by the appraiser, does not support a claim of good faith such as would warrant relief.

---

[1] T. D. 41488.

United States Court of Customs Appeals, March 27, 1926

APPEAL from Board of United States General Appraisers, Abstract, 49309

[Affirmed.]

*Waterhouse & Lockett* (*Joseph F. Lockett* of counsel) for appellant.
*William W. Hoppin* and *Charles D. Lawrence*, Assistant Attorneys General,
for the United States.

[Oral argument March 16, 1926, by Mr. Lockett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Board of General Appraisers denied appellant's petition for the remission of additional duties filed under section 489 of the Tariff Act of 1922, from which action of the board appellant appealed to this court.

The merchandise consisted of so-called "A. R." mica. Previous to this importation the ultimate consignee, Joseph Huse & Sons, purchased a quantity of "G. S." mica. The terms "A. R." mica and "G. S." mica are trade names and indicate different grades of mica, the "A. R." mica being superior in grade and having a greater value. The "G. S." mica was imported on January 19, 1924, while the entry at hand was made April 15, 1924. The first importation of "G. S." mica was found to be of poor quality. Upon complaint, the shipper agreed to make an allowance by sending a shipment of "A. R." mica, for which he would only charge the price of "G. S." mica. This was agreed to, and in accordance with the agreement the shipper sent "A. R." mica (which is the lot involved in the case at bar), and invoiced it as "A. R." mica, but at the price which shipper charged for "G. S." mica. When the consular invoice covering the importation was received, the president of the consignee company, compared it with his order and forwarded the papers to his customs brokers, appellant, for entry, who entered it at the invoiced price. The president of consignee company testified that he overlooked the fact that the mica was in fact "A. R." mica, and, therefore, more valuable than the "G. S." mica, the price of which was stated on the invoice. ·

One witness, Holdswort, an employee of appellant, testified that he caused the customs entry to be made, and took the value shown on the invoice and in a letter of transmittal to them by the consignee, which letter told appellant at what price to enter the merchandise.

It is the position of appellant that it has shown that the entry of the merchandise at a lower value than the final appraised value was by inadvertence and oversight on the part of Chapman, president of consignee company, in failing to remember that the goods were in

fact "A. R." mica instead of "G. S." mica, and that it was at the most carelessness, and cite *Fish* v. *United States*, 12 Ct. Cust. Appls. 307; affirmed in *United States* v. *Fish*, 268 U. S. 607.

The following recent decisions by this court were cited in support of appellant's contention: *Ciba Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 282, T. D. 41215; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220; *Glendenning, McLeish & Co.* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls 395, T. D. 41322; *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339; and *Wolf* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

It is insisted that appellant's showing meets the requirements of proof as indicated in the case of *Wolf* v. *United States, supra,* in which case the court said:

> Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: 1st. He must show that in undervaluing his goods he was acting in entire good faith. 2nd. That there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him. 3rd. That he has made to the collector in making his entry a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

In our judgment none of the cited cases support the contention of appellant. The consignee was the party in interest. The president of consignee company caused the undervaluation to be made, and knew that the price stated on the invoice and the prices which he carefully set out in a letter to the broker were the prices for inferior mica. He also knew that the mica being entered was of the higher grade. His only excuse is that he forgot or overlooked the price at the time of communicating with his broker. Proof of such indifference in stating value, to be acted on by the appraiser, does not support a claim of good faith such as would warrant the granting of relief under the remission section of the statute.

The law contemplates that the entrant of merchandise shall act in entire good faith and fully disclose the facts which he may know, or could know, by the exercise of reasonable diligence and care. In this instance it is not claimed that he did not know and could not have known by taking reasonable precautions, but it is admitted that he did know. At the moment when the exercise of his good intentions was important, he forgot. He may have had a lapse of memory, but we can hardly believe Congress, by the enactment of section 489, contemplated the granting of relief in such cases.

Appellant insists that under the case of *United States* v. *Fish, supra,* it is entitled to a finding in its favor. We think otherwise,

and expressed our views on this subject in *Finsilver et al.* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250, in the following language:

It is urged by counsel for the importers that the board's decision rests upon carelessness, and that the case of *Fish* v. *United States, supra,* decided by this court and affirmed by the Supreme Court of the United States, is directly contrary to the board's opinion. We think otherwise. In the *Fish* case the board affirmatively found: "The most that can be said about the importer was that he was very careless." This was equivalent to finding that he was not guilty of fraud. If the board had said that the importer had not sustained his burden by proving that there was no such intent to defraud or deceive as specified in the statute, for the reason that the incorrect statement of value was made with negligent or careless disregard of its truthfulness, it would have found that his conduct did not show such good faith as would entitle him to the relief prayed for. Then the question before this court, and before the Supreme Court, would have been a very different one.

The judgment of the Board of General Appraisers is *affirmed.*

SMITH, J., concurs in the conclusion.