STONE & DOWNER CO. *v.* UNITED STATES (No. 2831)[1]

REMISSION OF ADDITIONAL DUTIES—EVIDENCE, ADMISSIBILITY, AND SUFFI-
  CIENCY—ERROR WITHOUT INJURY.
  At the trial before the board of United States General Appraisers of a petition
for remission of additional duty for undervaluation under section 489, Tariff
Act of 1922, testimony that entrant was overworked at the time he made the
entry was admissible, but its exclusion in this case was harmless. Items
were invoiced plainly at both home market and export prices and paid for at
the export prices. Entry at the export prices was inexcusable.

United States Court of Customs Appeals, March 9, 1927

APPEAL from United States Customs Court, Abstract 388

[Affirmed.]

*Joseph F. Lockett* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Philip Stein,* special attorney,
of counsel), for the United States.

[Oral argument January 31, 1927, by Mr. Lockett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs
Court denying the petition of appellant for the remission of addi-
tional duties under section 489 of the Tariff Act of 1922.

The importation, cotton cloth, was invoiced at two prices, the
home-market price and the export price. The home-market price of
six items on the invoice was higher than the export price, which is
shown by the following pertinent extracts from the consular invoice:

| Style No. | Number of yards | Prices and discounts for home consumption | | Prices and discounts for export | |
|---|---|---|---|---|---|
| 345 | 351 | 3/3½ | 57–15–4 | 3/3½ | 57–15–4 |
|  | 384 | 2/3 | 43–4–0 | 2/3 | 43–4–0 |
| 345A | 202¼ | 4/7 | 60–1–11 | 3/2 | 41–10–5 |
|  | 246¾ | 4/7 | 56–10–11 | 3/8 | 45–4–9 |
| 345B | 228 | 3/2 | 36–2–0 | 3/1 | 35–3–0 |
|  | 137¼ | 3/ | 20–11–9 | 2/8 | 18–5–11 |
|  | 94 | 5/2 | 24–5–8 | 4/6 | 21–3–0 |
|  | 110½ | 3/11 | 21–12–10 | 3/8 | 20–5–2 |

The testimony before the court below showed the goods were paid
for at the export price. The entry was made by E. S. Stockwell,
jr., who was appellant's chief witness, and who was employed by
appellant, a firm of customhouse brokers. Stockwell had been
employed by the firm for four years in "Preparing entries for the

stenographer to make up to go over to the customhouse," and it was a part of his duty to ascertain the foreign market value of the merchandise prior to entry. In the six items referred to he made entry at the export price for the reason that he failed to see the higher price on the invoice. He said, "I failed to see them. I worked four hours on the entry preparing it for the stenographer, and I failed to notice them on the invoice. They are there in plain sight, but I just failed to see them. I can't explain that." He stated that in so doing he did not intend in any way to deceive the appraiser or to defraud the Government of the United States. The witness had nothing to do with the purchase of the goods; did not know anything about when they were purchased or the nature of the contract and did not know anything about the export value or the foreign market value, in the countries of exportation, at the time of exportation. Witness stated that the invoice was a complicated one and that he had worked on it for a long time; that he knew nothing about the values of the goods, except what was shown on the invoice; that he knew about the requirements of the law as to making the entries; that he did not see or consult any member of the importing firm concerning the values.

Appellant has assigned error in this court predicated upon the action of the trial judge in excluding certain testimony, most of which purported to show that the employee, Stockwell, was busy and overworked at the time he overlooked the higher price on the invoice.

We think this is a circumstance connected with the making of the entry which was proper to be considered by the court (together with all the other facts) in determining the issue before it. We conclude, however, that if the testimony desired by appellant was given the full weight claimed for it by the appellee, it could not change the results in this case, and, if error, was harmless.

The issues before us are controlled by the principle already announced by this court in a number of different decisions.

In *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, this court said:

We can not say whether the board rejected the testimony of the witness, that he had not received any report of advance, or whether it concluded that the importers made the statement of value of their goods in reckless indifference as to its truthfulness. In remission cases the importer is not the insurer of the correctness of the value of his goods, neither is he held to the strict rule that he must positively know their value, but he certainly can not be said to be acting in good faith if he declares an incorrect value for his goods, to be acted upon by the appraiser, when, by reasonable inquiry, he could have been advised that his statement was false. And by reasonable inquiry we do not mean that in every instance the importer is required to make inquiries before declaring what he believes to be the value of his goods, but if there is any circumstance which would put a

reasonably prudent person, under similar circumstances, upon inquiry, then it is. his duty to make such inquiry. The importers, in this instance, may have had no knowledge that their importation was worth more on the date of shipment than it was on the date of purchase, but they represented that they *did* know its value. We think there were circumstances calculated to put them upon their inquiry, and that reasonable inquiry would have developed the inaccuracy of the stated value. Under these circumstances the importers have not supported the allegations of their petition by satisfactory evidence that the entry of the merchandise at a less value on the date of shipment than that returned upon final appraisement was without any intent to defraud the revenue, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

In *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, this court said:

> Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, he must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

We think *Hensel, etc.,* v. *United States*, 13 Ct. Cust. Appls. 498, both as to the facts and as to the principle of law applied, is controlling in the issues herein. There the clerk making the entry failed to turn over the last page of the invoice which contained an item of luxury tax. The witness indicated that he had not turned the page over. In stating his value of entry he did not include the luxury tax. This court affirmed the judgment of the board denying the petition for remission of additional duties and said:

> If this court had been the trial court and were confronted only with the evidence and facts that appear before us in the record, we might have arrived at a conclusion different from that of the board. But the glaring conspicuity of the luxury tax item in the invoice, as well as the witness who testified he did not see it, were before the board. It is not unreasonable to assume that it there and then judged of his honesty, sincerity, and good faith, he being the one who made the entry.

In *Stone & Downer Co.* v. *United States*, 13 Ct. Cust. Appls. 649, this court affirmed the judgment of the Board of General Appraisers in denying a petition for remission where the party responsible for making the entry overlooked the fact that the mica imported was of a higher grade than the grade of mica valued in the entry. The court, in that case, used the following language:

> In our judgment none of the cited cases support the contention of appellant. The consignee was the party in interest. The president of consignee company caused the undervaluation to be made, and knew that the price stated on the invoice and the prices which he carefully set out in a letter to the broker were the prices for inferior mica. He also knew that the mica being entered was of the

higher grade. His only excuse is that he forgot or overlooked the price at the time of communicating with his broker. Proof of such indifference in stating value, to be acted on by the appraiser, does not support a claim of good faith such as would warrant the granting of relief under the remission section of the statute.

The law contemplates that the entrant of merchandise shall act in entire good faith and fully disclose the facts which he may know, or could know, by the exercise of reasonable diligence and care. In this instance it is not claimed that he did not know and could not have known by taking reasonable precautions, but it is admitted that he did know. At the moment when the exercise of his good intentions was important, he forgot. He may have had a lapse of memory, but we can hardly believe Congress, by the enactment of section 489, contemplated the granting of relief in such cases.

In the last cited case the true value of the importation was before the responsible party when he made the entry, or caused it to be made. He failed to state its correct value and showed such indifference by so doing that this court held that such proof of indifference did not support a claim of good faith which would warrant the granting of the relief.

We arrive at the same conclusion in the case at bar. The information disclosing the correct value of the importation was before the party responsible for making the entry. He stated that he had worked on it for four hours. In stating the value he represented to the appraiser that he knew the value. He now says that he did not know the value, although the opportunity of knowing it by the exercise of reasonable diligence and care was before him. Congress has gone to great length to avoid misstatement of value in entries of imported merchandise. In certain instances, where the proper showing is made, it has afforded relief from additional duties imposed on account of undervaluation. Such indifference to the truthfulness and correctness of the statement of value given by the entrant, as is shown in the case at bar, is not indicative of such good faith as is required to sustain the burden imposed upon a petitioner in this kind of action.

It is argued by appellant, citing *United States* v. *Fish,* 268 U. S. 607, that the evidence disclosed that the witness was guilty of carelessness only, and that, under the *Fish* case, *supra,* this was not sufficient reason to deny a petitioner the right to the remission of additional duties assessed under section 489. In *Stone & Downer Co.* case, *supra,* this litigant, represented by the same counsel as appears in this case, raised this identical point, which was there directly passed upon by this court, which, there, cited and quoted the *Finsilver* case, *supra.* Nothing new on this phase of the case has been presented here.

The judgment of the United States Customs Court is *affirmed.*