GREBSTEIN *v.* UNITED STATES (No. 3005)[1]

United States Court of Customs Appeals, November 14, 1927

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General *(Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument October 7, 1927, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is an appeal by importer from a judgment of the First Division of the United States Customs Court denying appellant's petition for remission of additional duties brought under the provisions of section 489 of the Tariff Act of 1922. Before the entry was liquidated a petition for remission was brought, heard on the merits, and decided adversely to the importer, who thereupon appealed to this court. We dismissed the appeal on the ground that, having been brought before liquidation, the petition was premature and remanded the cause. Within 60 days after liquidation, importer again petitioned

_____
[1] T. D. 42470.

for remission. When the second petition came on for rehearing before the lower court, the testimony taken at the hearing on the first petition was, by counsel, stipulated into the record. No further evidence was offered by either party.

A majority of the court below, one member dissenting, thereupon handed down an opinion in which, without discussing the issues, it called attention to the fact that no additional testimony had been taken, and said, "We therefore adhere to our former judgment, and the petition is denied." It will, therefore, be necessary for us to refer to the record and opinion in the former case in disposing of this.

It appears from the testimony of importer therein that the merchandise covered by the entry was bought in China by his agent there under instructions from importer "If he could find some goods reasonable, to buy them" or, "To buy goods if it is at a good price, if he finds it profitable."

Importer did not personally make entry of the goods, but turned the papers over to a broker, who had made other entries for him. In one connection he testified that he instructed the broker to enter the merchandise on the prices shown on the consular invoice, and in another that he gave no instruction as to their entry, but left it to the judgment of the broker.

The invoice price was in United States gold dollars. There was a memorandum on the foot of the invoice which indicated the foreign market value of the merchandise in Tientsin *taels*. The broker testified that he received no instructions other than to enter on the invoice and at the price in gold dollars, and that he entered the merchandise accordingly. Before making the entry he observed, by comparison, that the Tientsin *tael* price was. lower than the gold dollar price.

It appears from the importer's testimony that it was customary for the shipper to make a notation on the invoice as to "home" market value on the date of exportation and that it was done at the request of the American consul on the other side. Both importer and his broker testified that they had no knowledge whatever, except as shown by the invoice, as to the market value of the importation abroad, and that neither made any investigation whatever to ascertain such value. Importer testified that the market abroad was quiet, that he knew of no demand for the merchandise that would cause "a rise in the market," and that in his opinion it was not a declining market.

It appears that the appraiser advanced the entered value because of his knowledge of other importations of similar merchandise.

The court below, in its opinion denying the first petition, after briefly referring to the evidence, well said, in substance, that there was nothing to indicate that the importer did anything to ascertain the

market value of the goods covered by the invoice, and that "From this state of the record we could not grant the petition for remission."

Remission cases are decided upon the facts in each particular case, and it is of little assistance in deciding a given case to discuss in detail any other. A rule to be deduced from those heretofore decided in this court is, that in order to obtain a remission of additional duties an importer must affirmatively show, by evidence that is unimpeached reasonable, credible, and sufficient to satisfy a reasonable mind, that, in making entry of his merchandise at a value less than that at which it is finally appraised, the entry was made, in the language of the statute, "without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise." What the evidence must be to require a judgment in importer's favor must, therefore, depend upon the circumstances surrounding each entry, and we have often held that we will be slow to disturb the finding of the court below on the weight of the evidence in cases of this character.

We can not say, on the record, that the court below was not justified in coming to the conclusion it did, from which it follows that the judgment below ought to be affirmed.

Importer argues that at the time the court rendered its judgment it was of opinion that an appeal to reappraisement must be had in such cases, and the entered value sustained in order to justify the granting of a petition for remission. This view, if entertained, was, of course, erroneous. But the opinion of the court does not clearly indicate either that such was its understanding of the law or that its decision was based thereon.

There is a feature of this case not referred to by the court below, or by counsel in their briefs here, which is as to when the importations were made with reference to the date of purchase thereof in China. In several cases we have held that the lapse of time between purchase and export abroad is a fact to be considered in determining whether or not the importer has exercised good faith. When such time is long, the foreign value may have changed, and we have in some cases pointed out that importer should show by affirmative proof that there had been no increase in such value, or at least, that he was not chargeable with notice thereof if any had occurred. Consult *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; *Union Food Products Co.* v. *United States*, 13 idem, 343; *Stone & Downer Co.* v. *United States*, 13 idem, 337.

The testimony of the witnesses in this record does not illuminate this question. The consular invoice *seems* to indicate that more than seven months elapsed between the dates of purchase and export. If this is so, importer might well, in undertaking to carry the burden imposed upon him of establishing absolute good faith

in making his entry, be required to show that in the interim there had been in fact no change abroad in the market price of the imported commodity, or if there had been an increase in such price, that he was not chargeable with knowledge thereof. However, our conclusion is not based upon the shortage of the record in this respect, but it is referred to as indicating a phase of the case which might trouble us in event we undertook to reverse the court below.

The judgment of the United States Customs Court, First Division, is *affirmed*.

CONCURRING OPINION

SMITH, Judge, concurs in the conclusion on the ground that the goods were not promptly shipped after purchase and the importer was, therefore, bound to investigate the market value of the importation as of the date of shipment.