J. Benitez Cintes *v.* United States (No. 2889[1])

United States Court of Customs Appeals, May 7, 1928

*Mark Eisner* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. Canty,* special attorney, of counsel), for the United States.

[Oral argument April 11, 1928, by Mr. Lawrence]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Graham, Presiding Judge, delivered the opinion of the court.

J. B. Cintes, the appellant, imported 529 bales of jerked beef from the Argentine Republic and entered the same at San Juan, P. R. The consular invoice states certain charges, incidental to the importation, consisting of "Inland freight & loading, 207.00" Argentine gold pesos, and also items for government inspection, export duty, consular invoice, and B/L stamp. In entering the goods the importer deducted the item of inland freight, 207.00 gold pesos, as a nondutiable charge. The appraiser disallowed this item, and duty was computed thereon. No appeal was prosecuted from this appraisement, but the importer filed his petition under section 489 of the Tariff Act of 1922, for a remission of the additional duty imposed as a result of said undervaluation. The Customs Court denied the petition and the importer appeals.

The only evidence appearing in the record is the deposition of the importer. From this it appears that the importer has been a licensed customhouse broker for 20 years; that he deducted the item of inland freight "because from some countries the inland freight is considered as nondutiable charges"; that he had previously entered goods (not jerked beef) with inland freight deducted, which entries had been passed by the appraiser; that he had had no importations of similar merchandise for two years previously; and that he had made no efforts to keep himself advised "as to the dutiable charges for inland freight and loading on importations from the Argentine."

On this record, appellant seeks a reversal of the judgment of the court below.

[1] T. D. 42752.

We are unable to conclude that the said judgment is against the weight of the evidence. The importer was a broker of long experience and can not justly contend that he did not know the law of customs as to inland freight. Even if he might avow his ignorance in this respect, this would not justify him in deducting the inland freight item. *Schrikker* v. *United States*, 13 Ct. Cust. Appls. 562, T. D. 41433.

The importer argues that inasmuch as his consular invoice plainly states the item in question, he ought not to be held to have attempted to defraud, conceal, misrepresent, or deceive the officials of the Government as to the dutiability of the item in question. This suggestion is not in harmony with our judgments in similar cases. *Hensel, Bruckmann & Lorbacher* v. *United States*, 13 Ct. Cust. Appls. 498, T. D. 41377; *United States* v. *North American Mercantile Co.*, 14 Ct. Cust. Appls. 68, T. D. 41578; *Stone & Downer Co.* v. *United States*, 14 Ct. Cust. Appls. 439, T. D. 42061; *Grebstein* v. *United States*, 15 Ct. Cust. Appls. 285, T. D. 42470.

The judgment of the Customs Court is, therefore, *affirmed.*