JOSEPH W. CALLBECK *v.* UNITED STATES (No. 3557)[1]

United States Court of Customs and Patent Appeals, April 12, 1933

*Stewart & Lewis (Donald O. Stewart* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

[Oral argument February 9, 1933, by Mr. McKenna; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The present appeal is from a judgment of the United States Customs Court denying a petition for remission of additional duty, filed by appellant under the provisions of section 489 of the Tariff Act of 1922.

The additional duty was imposed by the collector upon a shipment of 80 live foxes, imported by the appellant Callbeck at the port of Niagara Falls October 22, 1928. These foxes were shipped from Summerside, Prince Edward Island, Canada, to Callbeck at Chillicothe, Ohio. They were entered at a dutiable value of $16,480 and were appraised by the local appraiser at a dutiable value of $20,587.20. Appeal to reappraisement was taken by appellant. It appears from the petition and evidence offered in the trial court on the trial of the remission matter that the reappraisement case was set for hearing in June, 1930. The matter was continued several times and did not come on for final hearing until February 17, 1931, when

---

[1] T. D. 46318.

1

Judge Kincheloe made a final order in the matter, which appears upon the entry and is as follows:

Reapp't No. 89931–A Feb. 17–31.

I find the total dutiable value of the merchandise herein to be $20,587.20, net packed.

D. H. KINCHELOE, *Judge.*

The appellant was not present at any of these hearings and prayed no appeal from the judgment of Judge Kincheloe.

The appellant then made application for remission. To support his application he filed a verified petition, stating therein at length the alleged facts relative to the importation of his foxes and attempting to explain his failure to prosecute his reappraisement appeal. Attached to his petition are various affidavits intended to support the contention that the invoice values were in fact the correct market values of the foxes at the time of importation in Prince Edward Island, the place of exportation.

The appellant also testified at length. He stated in general his relations and business transactions with one A. L. Turnipseed, of Columbus, Ohio. The general purport of this testimony is to the effect that the appellant had a fox ranch in operation at Waterford, Pa. Turnipseed was endeavoring to start a similar enterprise at Columbus and had negotiated with appellant in April, 1928, to buy 53 foxes from him, which were to be shipped from Waterford. Many additional details about the dealings of these individuals are given, most of which are, as the trial court stated, confused and immaterial. It suffices to say that as a result of these transactions, and to keep up stock in the Waterford ranch, the 80 foxes here in question were imported. It is evident they were intended to ultimately go to Turnipseed. They were not sent to Waterford but to Chillicothe, Ohio, where they were to be held until they could be inspected and transferred to Waterford. Two days after the foxes were entered an option-to-purchase agreement was made by Turnipseed with Callbeck, in which a purchase price of $24,472.42 was fixed upon the 80 foxes if taken on or before November 15, 1928, or, if taken on or before December 1, 1928, $26,872.42. In January, 1929, this option was exercised, and a contract of sale with a consideration of $24,000 was entered into.

The importer claims the additional duty here involved should be remitted for various reasons: First, that the foxes were not sold when they were imported; second, that their foreign-market value at the time of exportation was no greater than the invoice value; third, that he was prevented by illness and misleading information from being represented in the final reappraisement proceedings; fourth, that he consulted the appraiser at the port about the purchase price and entered value of his foxes; finally, that he has shown good faith in all his transactions herein.

We find ourselves in agreement with the conclusion of the trial court that appellant is not entitled to remission upon this record. An inspection of Reappraisement Circular 1939, No. 100, page 1785, 89931–A, which is the one here involved, discloses that the appraisement was probably made by Judge Kincheloe upon the United States value as defined in section 402 (d) of the Tariff Act of 1922. If so, evidence appearing in this record, including the said option contract of October 24, 1928, would seem to indicate the correctness of this valuation. Whether evidence was introduced in the reappraisement proceeding does not appear from the record. In any event, we must assume for the purposes of this proceeding that the correct dutiable value of the imported foxes was as ascertained by Judge Kincheloe.

This being assumed, what is there in the record to show that the importer endeavored to give to the appraising officer all information which he had as to the correct dutiable value of these goods? But one circumstance appears in the record, namely, that the importer talked with the local appraiser and advised him of the price which he, Callbeck, had paid in Prince Edward Island for seven of the foxes which he had purchased, whereupon the importer increased the entered value of these seven, but not to the amount fixed on final appraisement.

The case is not free from difficulties. However, the court below heard the testimony offered by the appellant and could judge better of its character and credibility than can this court. We are unable to say that the judgment of the court below is clearly contrary to the weight of the evidence, and, hence, it should be, and is, *affirmed.* *Fish* v. *United States,* 12 Ct. Cust. Appls. 307, T. D. 40315; *Hensel, Bruckmann & Lorbacher* v. *United States,* 13 Ct. Cust. Appls. 498, T. D. 41377; *Shainin & Co.* v. *United States,* 16 Ct. Cust. Appls. 320, T. D. 43076.