BEFORE THE THIRD DIVISION, JUNE 7, 1950

**No. 54389.**—Fred Benioff *v.* United States, petitions 6671–R and 6695–R (San Francisco).

EKWALL, Judge:   Two petitions for remission of additional duties are here involved, which were filed under authority of section 489 of the Tariff Act of 1930.   Both petitions were filed against entry 554 of August 9, 1946.   The merchandise involved was appraised by the local appraiser on October 15, 1946. Notice of appraisement was sent March 13, 1947, and appeal for reappraisement by a judge of the United States Customs Court filed April 10, 1947.   It appears from the record that a request was made to the collector of customs at the port of San Francisco under date of July 21, 1947, to cancel the appeal for reappraisement.   The record shows that the entry was liquidated on July 30, 1947, prior to the time the appeal was forwarded to this court and placed upon its calendar for decision.   Said appeal was formally abandoned before this court on February 25, 1948, and decision handed down May 6, 1948.   Liquidation having been had during the pendency of an appeal for reappraisement is void.   *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T. D. 36967; *United States* v. *Kuyper & Co.*, 15 Ct. Cust. Appls. 4, T. D. 42129; and *United States* v. *American Express Co.*, 5 Ct. Cust. Appls. 351, T. D. 34550.   Nowhere in the record do we find any indication of a valid liquidation having taken place.

The Government has moved to dismiss both petitions as untimely.   Under the court rule in effect at the time these petitions were filed (rule 29, 1936 rules), as amended effective January 14, 1946 (T. D. 51378), petitions for remission "shall be  *  *  *  filed  *  *  *  at any time after final appraisement, but within 60 days after liquidation."   As petition 6671–R was filed March 9, 1948, and final appraisement took place May 6, 1948, this petition is premature and is dismissed.

As to petition 6695–R, we find it was filed June 1, 1948, which was after final appraisement.   Therefore, the motion to dismiss this petition as untimely is denied.

Government counsel has moved to dismiss the petitions on the ground that they are not filed by a proper party.   The record shows that entry was made by Thornley & Pitt, a firm of customs brokers, for account of Fred Benioff.   Thornley & Pitt filed a declaration which appears on the reverse side of the consumption entry from which it appears that Fred Benioff was "the actual owner for Customs purposes of the said merchandise."   It is contended on behalf of the Government that in view of the fact that no actual owner's declaration was filed herein, Thornley & Pitt is the consignee and is liable for any additional or increased duties; that the actual owner possesses no rights of a consignee.   We find no merit in this contention.   It has been held that in a case where the brokerage firm is acting for its client, it will be recognized as the proper party to file a petition for remission.   *Hensel, Bruckmann & Lorbacher (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 498, T. D. 41377.   In that case the court said:

At no place in the section [489] is it either directly or indirectly suggested that the importer is the only proper person to file the petition.   Of course, whoever files it should show his interest.   It is clear, in this case, that the brokerage firm was there and is here acting for its client, and if the duties are remitted the benefit will accrue to the party in interest,  *  *  *.

Here, the brokerage firm stated on entry that it was making entry for the account of this petitioner.   The testimony also shows that Fred Benioff is the owner.   We find the record shows that the petitioner is the party in interest and is entitled to file the petition.   The motion to dismiss on that ground is denied.

On the merits, a customs broker testified that he was connected with the firm of Thornley & Pitt and did customs work for Mr. Fred Benioff, the owner of the merchandise. He further testified that the entry was filed by Thornley & Pitt for the account of Mr. Benioff and that he obtained an owner's declaration, but it was ineffective for the reason that it was not filed within the required time.

Mr. Benioff, the owner of the merchandise, testified as to the appeal for reappraisement, and as to the value of the merchandise, he stated that he hired one Ruth Berndt in 1945 to make purchases in Guatemala; that one Nathan Revel handled his importing and exporting matters at San Francisco at that time; that Thornley & Pitt took care of details with the customs officials. He gave them no instructions, but he believed that the prices in the entry were freely offered prices and represented the true export value, and testified further that he had no intention of defrauding the revenue. He instructed a Mr. Harrs to deliver the consular invoice to the brokers but gave him no other papers or instructions as to the value at which entry was to be made; that Mr. Harrs also did customs work for him; that he saw letters from time to time and was told of their contents; that Revel and Harrs were instructed to have a customs broker take care of delivery of shipments and that he paid duty on this shipment; that the invoice prices represent actual purchase prices of goods. He further testified that the seller of the merchandise received a fee of 10 per centum, over and above the invoice prices shown on the consular invoices, for his work in having the goods packed and examined by the Government officials and the American consulate. He did not recall whether he instructed his employees to give that information to the customs brokers prior to filing the entry. He, himself, never contacted the customs brokers, nor did he have any contact with the customs officials prior to entry. He did not recall instructing Mr. Revel, Mr. Harrs, or the customs brokers prior to entry to disclose to the customs officials that this merchandise had been purchased from various manufacturers not stated on the consular invoices; that all information that Miss Berndt had mailed was in charge of Messrs. Revel and Harrs, who had complete supervision of the files; and that he did not know what said Revel and Harrs disclosed to the customs brokers. He gave no instructions to anyone and did nothing at all in connection with the entry. He did not know whether his employees had contacts with the customs officials prior to entry.

The testimony of Mr. Revel was to the effect that he was employed by Mr. Benioff from January 1945 to September 1945 and later acted in an advisory capacity; that during May 1946, he was not working for him but might have been called in for advice. Mr. Harrs succeeded him. Mr. Revel handled correspondence with Miss Berndt, filed it, read it, and gave oral digests thereof to Mr. Benioff. He did not file this entry. He had no recollection of this particular sale, invoice, or declaration. After leaving the employ of Mr. Benioff, he did not give digests of Miss Berndt's letters to Mr. Benioff. He does not recall having been called in for advice on this entry in 1946.

The assistant supervising customs agent and an examiner of merchandise at the port of San Francisco both testified as to their recollection of the circumstances surrounding this importation. The examiner stated that certain letters from Mr. Benioff's files, which are in evidence as collective exhibit 3, were not presented to him prior to entry; that he saw them for the first time about 30 days after entry as part of the report to the appraiser by the customs agent; that at or prior to entry he had only the consular invoice and no other papers.

Mr. Benioff, upon being recalled, testified that he did not instruct Mr. Harrs to give all letters to the customs broker or to the appraising officials prior to entry but that he had no reason for not giving such instructions.

From this evidence it does not appear that the importer has offered such satisfactory evidence as would warrant the granting of this petition. In cases involving

petitions for remission of additional duties under section 489, *supra*, the measure of proof required on behalf of the petitioner has been repeatedly held to be:

* * * First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

*Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, and *Ringling Bros.*, etc. v. *United States*, 31 C. C. P. A. (Customs) 191, C. A. D. 272, and cases there cited.

Petition 6695–R is therefore denied.