**No. 57189.**—Johnson Bros. *v.* United States, petition 6884–R (New York).

FORD, Judge: This petition, praying for the remission of additional duties incurred by reason of undervaluation of certain imported merchandise on entry, was filed under the provisions of section 489 of the Tariff Act of 1930.

The merchandise, the undervalution of which formed the basis of this petition, consisted of earthenware imported from England. It appears from the statement of counsel for petitioner, which was not challenged by counsel for respondent, that just 1 day after this merchandise was exported from England a new price list became effective, in which a so-called plussage of 25 percent was advanced to 33⅓ percent, and that that advance is the difference between the entered and final appraised value.

It was shown by competent testimony that petitioner herein had always been advised by the exporter of any advance in price and that petitioner had always entered this merchandise at the invoice prices; that petitioner was advised of the advance in this case occurring just 1 day after the date of exportation; and that upon receipt of this advance in price, notice thereof was passed on to the customs officials.

At the trial of this petition, counsel for petitioner made the following statement:

\* \* \* At the time that the invoice was prepared by the manufacturer in England, an old price list prevailed. A new price list went into effect the day before the steamship left England. However, at the time when the exporter prepared the invoice, that price list had not yet gone into effect. For that reason, it was prepared at the old price, and the importer didn't notice that the vessel had left one day after the new and increased price list had gone into effect and therefore, entered at the old price list. The only difference in value occurs because under the old price list, there was a plussage on the invoice of 25 per cent. Under the new price list, that was advanced to 33⅓ per cent and that is the difference between the entered and the appraised value. \* \* \*.

The witness for petitioner testified that for a period of 30 years the exporter had been notifying him of any change in the value of the merchandise; that when he had received this information on the value of this merchandise, he had immediately passed it on to the United States examiner of merchandise; and that the advance in value of the instant merchandise was based upon information furnished by him to the examiner of merchandise.

The evidence adduced at the trial of this case establishes the complete good faith of the importer. *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322; *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339; *Stone & Downer Co.* v. *United States*, 13 Ct. Cust. Appls. 649, T. D. 41488. This petition is therefore granted. Judgment will be rendered accordingly.