RIETMANN-PILCER CO. ET AL. *v.* UNITED STATES (No. 3023[1])

---

United States Court of Customs Appeals, May 21, 1928

*Allan R. Brown* for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty* and *Fred J. Carter*, special attorneys, of counsel), for the United States.

[Oral argument February 16, 1928, by Mr. Brown and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This appeal from the judgment of the third division of the United States Customs Court denying a petition for remission of additional duties under section 489 of the Tariff Act of 1922 involves certain entries made in November, 1925, which were made in the name of appellants, and relates, it is said, to certain beaded bags.

When the petition was heard by the court below only one witness, Mr. Brach, testified. The substantial part of his relevant testimony, on direct examination, sometimes using his exact language, was as follows: That at the date of importation he was connected with Philip Deutsch of Frankfort-on-the-Main; was with them six years, and had charge of the American end of the business; that the shipments of merchandise covered by the petition were made by them; that he was responsible for determining the values thereof which were put upon the entry; that the Rietmann-Pilcer Co. were the "forwarding agents" who made the entries; that the witness was in Frankfort when the prices shown by the invoices were determined, made the computations therefor, and was responsible for the same; that he based his determination of the figures at which the importations were entered upon his knowledge of and familiarity with the market in Germany, with which he was in touch and was familiar, and in which he was buying and selling. He was asked:

Q. Are you familiar or were you familiar then with the facts then that these goods had to be invoiced for entry purposes at either the home market value in

Germany, or the export value?—A. Yes, I still believe these are the prices in the open market.

He further testified that appellants here followed his instructions in entering the goods; that the market around these figures had been stable since about 1920; that Philip Deutsch sold all over the world and that the witness bought and sold in Germany; that he kept track of market prices; that he did not intend to defraud the Government of the United States out of any revenue, or deceive any Government officer as to the correct values of the importation, and did not intend to mislead them or misrepresent any facts.

On his cross-examination but little of importance in addition to the foregoing was elicited. He said that he got the figures for the entry "from the open market, from our prices which we got for sales in the market"; that it was a "staple" market in which he bought and sold, himself; that he compared the figures on the invoice and found that the entries thereon corresponded with the market price of the commodity on that date.

Based upon this testimony, the court below rendered its opinion as follows:

ADAMSON, Justice: It is difficult to find who the importer was in this case. Only one person appeared and he was the agent of the seller abroad. It appeared from the record and from his testimony that the nominal party to the case was the broker who made the entry. The witness testified as to the market abroad as though it were permissible to contest the amount of the appraisement. He also purged his own conscience as to disposition to defraud the Government, or show bad faith, but the record is entirely destitute of any showing, either by the importer or by the broker who made the entry, as to any valid or plausible reason for making the entry too low. Neither the seller of the goods nor his agent in the foreign country is on trial in this case, and there is nothing in the testimony that can be construed to excuse the importer. The petition is denied.

Thereupon it rendered judgment denying the petition.

Thereafter importers filed a motion for rehearing, which was denied, in which it was alleged that although "the court was evidently under the belief that there was an importer in this case who did not appear," as a matter of fact the shipper, Mr. Brach, was the importer. The motion was supported by an affidavit tending to so show.

Importers argue that this denial was an abuse of discretion. We regard this motion as in effect a request for rehearing in order to introduce additional testimony as to who was in fact the importer. There is nothing to show that this evidence was newly discovered or could not have been produced at the trial. The denial of the motion was not an abuse of discretion, and so not error. *Monroe-Goldkamp Co.* v. *United States*, 13 Ct. Cust. Appls. 545, T. D. 41429, and cases cited.

Neither do we think the denial of the petition for remission was error, in view of the record. There is no proof in the printed record as to whether the entered value was intended to be foreign or export. There is nothing in the files from which we are able to determine that question.

Section 402 of the Tariff Act of 1922 defines both foreign and export value, and requires, if both exist and can be ascertained, that whichever is higher shall, for the purposes of the act, constitute the value of the importation. Whether Mr. Brach was in fact the importer or was importers' agent makes no difference. He was presumed to know the law, and he shows himself so familiar with the market conditions in Germany that he must have known whether or not the imported merchandise had both foreign and export values, and if so, which was higher. It was his duty to adopt the higher, if both existed, as the entered value. Whether or not he did this his testimony does not disclose. The local appraiser advanced the entered value, and as no appeal was taken to reappraisement that value is presumed to be correct. In effect, therefore, the contention of importers is, that because Mr. Brach testified that he *believed* the entered value was correct, and that he did not intend to defraud the Government, etc., the petition for remission should have been granted. We are unwilling to so hold on this record. If the witness had testified that there was but one market value, either foreign or export, as the case might be, and that the entered value was based thereon, or that the foreign and export values were the same, and the entry was made accordingly, or that if such values differed the entered value was based on the higher of the two, a different case would be presented. So far as appears, however, there may have been both foreign and export values, and the entry may have intentionally been made at the lower instead of the higher of the two, in which case a denial of the intention to deceive, with no more excusatory proof than this record discloses, would hardly rebut the plain inference arising from such an entry. The witness might easily have explained this whole matter, but we think signally failed so to do.

Although this view of the case is not specifically referred to in the opinion of the court below, yet the failure of the witness to have fully and frankly disclosed the facts in this respect may have been one of the reasons why the court explicitly found that "there is nothing in the testimony that can be construed to excuse the importer," and that the record was destitute of showing "any valid or plausible reason for making the entry too low."

We can not say that the judgment of the Customs Court was not justified by the evidence, and therefore it is *affirmed*.