TRANSATLANTIC CLOCK & WATCH CO. (INC.) *v.* UNITED STATES No. (3041[1])

United States Court of Customs Appeals, May 21, 1928

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*John F. Kavanagh,* special attorney, of counsel), for the United States.

[1] T. D. 42793.

170

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court denying a petition for remission of additional duties.

The merchandise involved consisted of clocks made in Germany exclusively for the importer and in accordance with its design. They were not sold in Germany for consumption there; and, as the sales for export to the United States were limited to the appellant, the merchandise had neither foreign nor export value. They were purchased on contract and entered at the contract price, which was the price paid by importer. They were appraised at the United States value. The appraised value represented an advance over the entered value by approximately 80 per centum.

Section 402 of the Tariff Act of 1922 provides in part as follows:

SEC. 402. VALUE.—(a) For the purposes of this act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

(2) If neither the foreign value nor the export value can be ascertained to the satisfaction of the appraising officers, then the United States value;

\*       \*       \*       \*       \*       \*       \*

(d) The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

It appears from the record that the representative of importer, although he knew that the clocks in question were made for, and sold exclusively to, importer, entered them at the contract price, entirely ignoring the plain provisions of section 402, *supra*. He made no inquiry concerning the dutiable value of the merchandise, although his company had been importing merchandise of the same class for a period of six years.

It is claimed by counsel for importer that, as it had been entering like merchandise approximately once a week for a period of one year at the contract price prior to the entry of the involved importation and as the merchandise covered by those entries had been appraised at the entered values, no "intention to defraud can reasonably be attributed to this importer."

Section 489 of the Tariff Act of 1922 provides in part as follows:

Sec. 489. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

As the final appraised value exceeded the entered value, the merchandise was subject to additional duties. Upon the introduction of satisfactory evidence that "the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise," such additional duties shall be remitted by the court below.

Upon the record made before it the court held that importer had not made a case, and, therefore, denied the application for remission.

The importer is presumed to know the law. In spite of the fact that it had been importing merchandise throughout the life of the plain provisions of section 402, *supra*, no effort was made to comply therewith. The involved merchandise was entered in plain violation of the statute.

Entries of like merchandise, at the contract price, were made approximately weekly for the period of one year prior to the involved entry, with full knowledge by importer that the merchandise had neither foreign nor export value. It knew, or should have known, that such merchandise was dutiable at its United States value. Surely such proof does not justify the remission of additional duties.

The judgment is *affirmed*.