UNITED STATES *v.* SWIFT & Co. (No. 3159) [1]

United States Court of Customs and Patent Appeals, April 29, 1929

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.
*Frank L. Lawrence* for appellee.

[Oral argument April 4, 1929, by Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee, Swift & Co., filed a petition for remission of additional duties under section 489 of the Tariff Act of 1922. The prayer of the petition was allowed by the United States Customs Court, and the Government has brought the matter here for review, claiming that the court below was in error in granting such remission. The facts in the case appear to be as follows:

On September 18, 1926, appellee imported at the port of Portland 33 tubs of Swiss cheese, the same having been exported from Berne, Switzerland. The consumption entry was prepared by Fred Harrison, a clerk of the appellee, who was, and had been for some time, in charge of making all the entries for appellee. It is shown that the appellee was a very large importer of meats and livestock, chiefly from Canada, and that this was the first importation of cheese that had ever been entered by Harrison. At the time of entry the only information of values in Harrison's or the appellee's possession was the consular invoice. This invoice contains the following notations plainly printed on the face thereof:

---

[1] T. D. 43356.

| Full description of goods | Purchase price per unit | Total invoice price |
|---|---|---|
| Freight Berne-Basle paid by seller, Frs. 2.47% Ko. o/Ko. 10820_____ Freight Basle–Portland paid by consignee's agent in Basle. Insurance unknown when preparing invoice, paid by purchaser. | Fr. | 267. 30 |

\*     \*     \*     \*     \*     \*     \*

RECAPITULATION

| | | |
|---|---|---|
| 22'070.4 lbs Swiss cheese_____ Charges, included in above:    Export tax frs. 5.–% Ko_____ Fr. 501. 60    Packing frs. 8.–% Ko_____ " 802. 55    Consular fees_____ 14. 50                                       Fr.1318.65 | Fr. | 30913. 05 |

The witness Harrison testified that he did not know packing was a dutiable charge and thought none of the extra items shown on the invoice, including export tax, were dutiable charges. On cross-examination he admitted that he had not read the law and had no information on the subject. Prior to the filing of the entry, which was done by George F. Anderson, traffic manager for appellee, no conference was had with the appraiser and no effort was made, so far as the record shows, to obtain any information as to the correctness of the values given in the entry. Harrison testified that he did discuss the matter with two clerks in the customs office, but that he obtained no information from either the examiner or the appraiser. Anderson and Harrison discussed the item of freight before making entry, and concluded that the freight having been paid in Basle it was included in the purchase or invoice price. Upon this record remission was granted by the court below.

The question involved here, as in all other cases under said section 489, is the good faith of the entrant. As to the item of freight, in view of the ambiguity which was created by the language in the consular invoice, we are inclined to agree with the court below that sufficient facts are established to entitle appellee to remission if this were the only item involved. It might well be argued that the importer would conclude, from reading this invoice, that the freight in question was included within the purchase price or invoice value.

We are unable, however, to agree with the court below that remission should be granted. The invoice plainly states the items of packing and export tax, and the importer deliberately deducted these items in declaring entered value, its only excuse for so doing being that its responsible agent, Harrison, did not know and had made no effort to learn the law. We said in *Schrikker* v. *United States*, 13 Ct. Cust. Appls. 562, T. D. 41433, simply reiterating a principle adhered to by courts for centuries, that ignorance of the law could not be pleaded as an excuse or reason for remission under this statute.

The appellee is an extensive importer and must know the laws governing its business as such. *Rietmann-Pilcer Co.* v. *United States*, 16 Ct. Cust. Appls. 152, T. D. 42782; *Transatlantic Clock & Watch Co.* v. *United States*, 16 Ct. Cust. Appls. 169, T. D. 42793.

It is argued, however, that the contested items of freight, packing charges, and export tax were plainly stated on the face of the invoice and that therefore it can not be found that the importer intended to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser. No such deduction may safely be drawn. It might rather be argued that the plain statement of such facts upon the invoice was sufficient to put any reasonable and prudent importer on notice and to place upon him the obligation of properly disposing of these items in arriving at the dutiable value. The uniform trend of authority is not in harmony with the contention here made by the importer. The following recent cases are illustrative. In *Guerin Mills (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 457, T. D. 43200, the prices of the imported articles were given on the invoice in both French and Belgian francs, the Belgian franc price being higher; the goods were entered in French francs. The importer claimed he failed to notice the Belgian franc prices. It was held he was not entitled to remission. In *J. Benitez Cintes* v. *United States*, 16 Ct. Cust. Appls. 90, T. D. 42752, an item of inland freight was plainly shown by the invoice, but was deducted from entered value by the importer. Importer claimed, as here, no fraud could be presumed, as the invoice plainly disclosed the item. Remission was refused. Reference is also made to the authorities therein cited. In *D. S. Walton & Co.* v. *United States*, 16 Ct. Cust. Appls. 100, T. D. 42756, a statement giving the home market value of the merchandise in gold marks appeared at the bottom of the invoice. The goods were entered at a lower valuation, the importer claiming that he failed to notice the above-mentioned notation. It was held remission should be denied.

Appellee relies upon *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322, as supporting his position. The facts in that case distinguish it from the one at bar, as is pointed out in *Guerin Mills (Inc.)* v. *United States, supra.*

We are loath to differ with the trial court where, after a consideration of the facts and having heard the witnesses, that court is satisfied that remission should be granted. However, we feel that to grant relief under section 489 to this importer would be virtually to reverse every legal conclusion we have heretofore made in like cases. We feel it therefore our duty to *reverse* the judgment of the court below and to *remand* the case with directions to deny the prayer of the petition. This will be the order.